IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE L. BALLANCE,

    Plaintiff,                      No. CIV S-03-2246 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.             ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. Plaintiff claims that his constitutional rights were violated when he was placed in administrative segregation without adequate investigation into the information that formed the basis for such placement. On May 20, 2005, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. On June 6, 2005, plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(f) to stay disposition of defendants' motion pending completion an <u>in</u> <u>camera</u> review by the court of confidential information that led to the placement of plaintiff in administrative segregation at issue in this action.

        Rule 56(f) of the Federal Rules of Civil Procedure provides in relevant part for continuance or denial of a motion for summary judgment pending completion of discovery necessary to oppose such a motion.

1

1  The record reflects that plaintiff was placed in administrative segregation pending
2  investigation into information received by prison officials from a confidential informant that a
3  correctional officer, Correctional Officer Da Rosa, might be assaulted. Plaintiff was transferred
4  to administrative segregation pending investigation after Correctional Officer Da Rosa told
5  another officer that he had argued with plaintiff four days earlier. (Declaration of Rodger Greer
6  in Support of Defendants' Motion for Summary Judgment, filed May 20, 2005, at ¶¶ 3-4.)
7  Officer Da Rosa also told Greer that another inmate had threatened him, and that inmate was also
8  placed in administrative segregation. (Id. at ¶¶ 3, 5.)

9  Plaintiff was transferred to administrative segregation on August 12, 2002.
10 (Amended Complaint, filed January 26, 2004, at 4.) On September 4, 2002, Correctional Officer
11 Jones wrote a general chrono in which he concluded that plaintiff was not a threat to Correctional
12 Officer Da Rosa and recommended that plaintiff be returned to the general population. (Ex. D to
13 Declaration of K.M. Chastain in Support of Defendants' Motion for Summary Judgment.) The
14 next day an Institutional Classification Committee acted to release plaintiff from administrative
15 segregation. (Ex. E to Chastain Declaration.)

16 Prison inmates have a right to due process before placement in administrative
17 segregation only when such placement imposes an "atypical and significant hardship on the
18 inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484,
19 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th
20 Cir.2003). In the limited circumstances where such a right exists, "due process requires only the
21 following procedures: Prison officials must hold an informal nonadversary hearing within a
22 reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of
23 the charges against the prisoner or their reasons for considering segregation. Prison officials
24 must allow the prisoner to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th
25 Cir.1986) (footnote omitted). "[D]ue process does not require detailed written notice of charges,
26 representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written

decision describing the reasons for placing the prisoner in administrative segregation." Id. at 1100-01.

Even assuming arguendo that plaintiff had a protected liberty interest in the administrative segregation placement at issue, due process does not require assessment of the evidence used to support such placement, including that provided by the confidential informant. Cf. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985) (due process requires that disciplinary action against inmate resulting in loss of good time credits must be supported by "some evidence."); and cf. Cato v. Rushen, 824 F.2d 703, 705-06 (9th Cir. 1987) (confidential information used to support disciplinary conviction must bear some "indicia of reliability but is only evaluated as part of "some evidence" test for a "final determination of guilt" in disciplinary proceedings).

Plaintiff's August 12, 2002 placement in administrative segregation was not pursuant to a prison disciplinary conviction. For that reason, the validity of the placement is not subject to the "some evidence" standard of Superintendent v. Hill, supra, nor is the reliability of the information provided by the confidential informant not relevant to resolution of plaintiff's claim. Cf. Cato v. Rushen, supra. Accordingly, plaintiff's request for an in camera review and to delay resolution of defendants' motion for summary judgment will be denied. Plaintiff will be given an opportunity to file a substantive opposition to defendants' motion for summary judgment.

Plaintiff also seeks an order striking several of the declarations submitted in support of defendants' motion. Plaintiff's objections to the declarations are without merit. His request for an order to strike the declarations will therefore be denied.

Finally, on September 28, 2005, plaintiff filed his fifth request for the appointment of counsel. Plaintiff's previous requests were filed on February 27, 2004, June 22, 2004, September 17, 2004, and December 28, 2004. All requests were denied. In light of those orders, plaintiff's fifth request will also be denied.

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff's June 6, 2005 motion to stay disposition of defendants' motion for
summary judgment, for in camera review, and to strike declarations is denied.

 2. Plaintiff is granted thirty days from the date of this order to file and serve a substantive opposition to defendants' May 20, 2005 motion for summary judgment. Plaintiff is referred to the provisions of this court's order filed March 16, 2004 with respect to the requirements for opposing a motion for summary judgment.

 3. Defendants' reply, if any, shall be filed and served not later than ten days after service of plaintiff's opposition.

 4. Plaintiff's September 28, 2005 motion for appointment of counsel is denied.

DATED: November 15, 2005.

UNITED STATES MAGISTRATE JUDGE

12
ball2246.56f