IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE L. BALLANCE,

     Plaintiff,                      No. CIV S-03-2246 LKK JFM P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.               FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action. Plaintiff claims that his constitutional rights were violated when he was placed in administrative segregation without adequate investigation into the information that formed the basis for such placement. On May 20, 2005, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. On June 6, 2005, plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(f) to stay disposition of defendants' motion pending completion an in camera review by the court of confidential information that led to the placement of plaintiff in administrative segregation at issue in this action. By order dated November 15, 2005, this court denied plaintiff's Rule 56(f) request and granted plaintiff a period of thirty days in which to file an opposition to defendants' motion. Plaintiff has now filed an opposition to defendants' motion.

/////

1

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).
7           In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).
14           In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
17 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

On March 16, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

ANALYSIS

I. Undisputed Facts

At all times relevant to this action, plaintiff was incarcerated at California State Prison-Sacramento (CSP-Sacramento). On August 12, 2002, pursuant to an order of defendant Baughman plaintiff was placed in administrative segregation pending investigation into information received by prison officials from a confidential informant that a correctional officer, Correctional Officer Da Rosa, might be assaulted. (Plaintiff's Statement of Undisputed Facts, filed January 3, 2006, at 1-2; Declaration of David Baughman in Support of Defendants' Motion for Summary Judgment, filed May 20, 2005 (Baughman Declaration), at ¶¶ 3-4.) Defendant Greer prepared the chrono containing the information that led to plaintiff's placement in administrative segregation, and defendant Baughman ordered said placement. (Declaration of Rodger Greer in Support of Defendants' Motion for Summary Judgment (Greer Declaration), at ¶¶ 3-4 and Ex. A thereto; Baughman Declaration at ¶ 4.)

On that day, plaintiff was given written notice of the reason for his placement in administrative segregation on a CDC Form 114D. (Amended Complaint, filed January 26, 2004, at 4.) Also on that day, while in a holding cell awaiting transfer to administrative segregation, plaintiff spoke with defendant Greer and told him that "there had been a mistake" and that plaintiff had never had an argument or an exchange of harsh words with Correctional Officer Da Rosa. (Id.) Later that day, plaintiff was transferred from the holding cell to administrative segregation. (Id. at 5.)

On August 13, 2002, prison officials conducted a paper review of plaintiff's placement in administrative segregation. (Declaration of K. M. Chastain in Support of

4

1  Defendants' Motion for Summary Judgment (Chastain Declaration), at ¶ 2.)  Plaintiff was not
2  present for that review.  (See id.)
3        On August 22, 2002, plaintiff appeared before an inmate classification committee
4  (ICC) in administrative segregation.  (Plaintiff's Statement of Undisputed Facts, at 3; Declaration
5  of K. M. Chastain in Support of Defendants' Motion for Summary Judgment (Chastain
6  Declaration), at ¶ 5.)  Plaintiff was assigned a staff assistant at the hearing.  (Ex. C to Chastain
7  Declaration.)  Plaintiff told the committee he had been denied a hearing following his placement
8  in administrative segregation and that he had been unable to present either witnesses or
9  documentary evidence in support of his contention that his placement in administrative
10 segregation was unnecessary.  (Plaintiff's Statement of Undisputed Facts, at 3.)  The ICC refused
11 to allow plaintiff to call witnesses at that hearing.  (Id.)
12       On September 4, 2002, Correctional Officer Jones wrote a general chrono in
13 which he concluded that plaintiff was not a threat to Correctional Officer Da Rosa and
14 recommended that plaintiff be returned to the general population.  (Ex. D to Chastain
15 Declaration.)  Plaintiff was released from administrative segregation the next day.  (Ex. E to
16 Chastain Declaration.)

17 II.  Legal Standards

18       Prison inmates have a right to due process in connection with placement in
19 administrative segregation only when such placement imposes an "atypical and significant
20 hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515
21 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); see also Ramirez v. Galaza, 334 F.3d
22 850, 860 (9th Cir.2003).  In the limited circumstances where such a right exists, "due process
23 requires only the following procedures:  Prison officials must hold an informal nonadversary
24 hearing within a reasonable time after the prisoner is segregated.  The prison officials must
25 inform the prisoner of the charges against the prisoner or their reasons for considering
26 segregation.  Prison officials must allow the prisoner to present his views."  Toussaint v.

5

McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986) (footnote omitted).  "[D]ue process does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. at 1100-01.

III.  Application

Defendants seek summary judgment on the grounds that (1) plaintiff had no cognizable liberty interest in freedom from placement in administrative segregation for a period of less than thirty days; (2) plaintiff received all process due; and (3) defendants are entitled to qualified immunity.

Plaintiff only has a liberty interest in freedom from placement in administrative segregation if such placement imposed on him "an atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995). In Sandin, the United States Supreme Court held that an inmate in Hawaii had no liberty interest in freedom from a period of disciplinary segregation that lasted thirty days where the evidence showed that the conditions in such segregation "with insignificant exceptions, mirrored those conditions imposed inmates in administrative segregation and protective custody," and the segregation did not "inevitably affect" the length of his prison sentence. Id. at 486-7.

Given the holding of Sandin, it is unlikely that plaintiff had a liberty interest in freedom from the placement in administrative segregation at issue, which lasted for only twenty-four days.[1]  Even assuming arguendo that he did, however, the only process due was notice and,

---

[1] Plaintiff's amended complaint contains several allegations about the conditions of his confinement in administrative segregation, including allegations that he was denied a mattress, sheet, blanket and change of underwear for two days, that he had a visit with his terminally ill mother shortened because of the placement, and that he was not taken to a Board of Prison Terms hearing during the placement.  (See Amended Complaint, at 5-6.)  Controlling authority suggests it is unlikely that any of the alleged circumstances, alone or in combination, sufficed to give rise to a liberty interest protected by the due process clause of the United States Constitution. However, in view of the fact that plaintiff was afforded sufficient process in any event, this court makes no specific findings concerning whether or not plaintiff had such a liberty interest.

within a reasonable time, an informal opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.  See Toussaint v. McCarthy, 801 F.2d 1080, 1099-1100 (9th Cir 1986).  Here, the undisputed evidence shows that plaintiff was given written notice of the reason for his transfer to administrative segregation on the day that he was transferred.  The transfer was recommended by defendant Greer and ordered by defendant Baughman.  Plaintiff acknowledges that he was able to speak with defendant Greer about the placement while he was in the holding cell awaiting transfer to administrative segregation.  Under all of the circumstances, plaintiff's right to due process was not violated by his placement in administrative segregation from August 12, 2002 until September 5, 2002.

For the foregoing reasons, defendants are entitled to summary judgment. Accordingly, IT IS HEREBY RECOMMENDED that defendants' May 20, 2005 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2006.

UNITED STATES MAGISTRATE JUDGE

12
ball2246.msj